EXHIBIT B

|  | FWD-2222055 | Original – Court | 2nd Copy – Garnishee |
|---|---|---|---|
|  | RR-0002188545 | 1st Copy – Plaintiff | 3rd Copy – Defendant |

| STATE OF MICHIGAN | GARNISHEE DISCLOSURE | CASE NO. |
|---|---|---|
| 61st Judicial District Court | (Periodic) | 12GC6327 |

Court address: 180 Ottawa Ave NW, Grand Rapids MI 49503
Court telephone no.: (616)632-5555

**Plaintiff's name, address, and telephone no. (Judgment creditor)**
ST MARYS HOSPITAL
c/o Velo Law Office

**Defendant's name, address, and telephone no. (Judgment debtor)**
NICOLE THOMPSON
2862 191st Place
Lansing IL 60438

V

**Plaintiff's attorney, bar no., address, and telephone no.**
VELO LAW OFFICE
Scott A Renner (P73003)
1750 Leonard Street NE
Grand Rapids MI 49505
(616) 333-0707

**Garnishee name and address**
INGALLS MEMORIAL HOSPITAL, THE
ATTN: Payroll / CT Corp
208 SO Lasalle St Ste 814
Chicago IL 60604

SEE ATTACHED INSTRUCTIONS

1. This disclosure is for a writ of garnishment issued on ___03/14/2019___ and received by garnishee on __4/2/2019__.
   - ☒ a. The garnishee mailed or delivered a copy of the writ of garnishment to the defendant on __4/2/2019__
   - ☐ b. The garnishee was unable to mail or deliver a copy of the writ of garnishment to the defendant.
   - ☐ c. The garnishee will not withhold payments under the writ of garnishment. The writ of garnishment was served after the deadline date for service and the writ is invalid.
2. At the time of service of the writ:

**Periodic Garnishments**

- ☐ c. The garnishee **is not obligated** to pay the defendant during the period of the writ.
   Reason: ☐ not employed. ☐ other: _____
- ☒ d. The garnishee **is obligated** to pay the defendant during the period of the writ.
   Payments are for: ☒ earnings. ☐ nonearnings: _____
   Specify nature of payment (see instructions attached)
   Payments are made: ☐ weekly. ☒ biweekly. ☐ semimonthly. ☐ monthly. ☐ other: _____ frequency of payment
   A higher priority writ/order ☐ is ☒ is not currently in effect. If a higher priority writ/order is in effect, complete the following.

| Name of court that issued higher priority writ/order | Case number | Date issued | Date served / Exp. date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Withholding under this writ
☒ will begin immediately if sufficient funds are available.
☐ will not begin immediately because defendant is ☐ laid off. ☐ sick. ☐ on leave. ☐ other: _____ specify

The defendant is: ☐ full time. ☐ part time. ☐ less than full time. ☐ an independent contractor.

I declare that the statements above are true to the best of my information, knowledge, and belief.

4/2/2019
Date                        Garnishee/Agent/Attorney signature

I certify that:
on __4/2/2019__ I mailed or personally delivered the original of this disclosure to the court.
on __4/2/2019__ I mailed or personally delivered the original of this disclosure to the plaintiff/attorney.
on __4/2/2019__ I mailed or personally delivered the original of this disclosure to the defendant.

4/2/2019
Date                        Garnishee/Agent/Attorney signature

**DO NOT include Your Payment With This Disclosure. See item 3 of the instructions for details.**

MC 14 (4/18) GARNISHEE DISCLOSURE

15 USC 1672 15 USC 1673, MCR 3.101
LMH / CPS
FF: $35.00 / - / - / 0X

(D)



RR-0002188545(D) / Nicole Thompson
12GC6327

You do not need to use this calculation sheet. If you do, it does not need to be filed with the court or provided to the defendant and plaintiff. However, you must maintain some type of record of your payment calculations and make it available for review by the plaintiff, defendant, or court upon request.

## GARNISHEE CALCULATION SHEET FOR EARNINGS

1. The employer's current payday is __4/05/2019__. The principal defendant's gross earnings from the employer that were earned for this pay period are: $3,075.20

2. Deductions required by law to be withheld from gross earnings shown on line 1:

   a. Federal withholding tax (for income tax) $267.52

   b. State withholding tax (for income tax) $117.93

   c. Employee portion of social security tax $182.75

   d. Employee portion of medicare tax $42.74

   e. City withholding tax (for income tax) $_____

   f. Public employee retirement when required by law $_____

   g. Total (add lines 2a through 2f) $610.94

3. Disposable earnings (subtract line 2g from line 1) $2464.26

4. Test I for amount available for garnishment (25% of line 3) $616.07
   (this percentage does not apply to garnishments for support of a person)

5. Test II for amount available for garnishment (disposable earnings minus federal minimum wage multiplied by appropriate multiple for normal pay period)
   a. Locate the appropriate figure from the chart below and insert here $435.00
   b. Subtract amount on line 5a from amount on line 3. Insert amount here $2029.36

6. Maximum amount subject to garnishment (line 4 or 5b, whichever is less) $616.07

7. Amounts withheld from disposable earnings (see line 3) pursuant to orders with priority:

   a. Orders of bankruptcy court $_____

   b. Orders for past due federal or state taxes $_____

   c. Income withholding for support of any person $_____

   d. Other general garnishments served prior to this writ $_____

   e. Total of all priority amounts withheld (add lines 7a through 7d) $0

8. Amount subject to garnishment under this writ (subtract line 7e from line 6) $616.07

9. Amount to be withheld in response to this writ (line 8 above or line 2 on the request and writ for garnishment, whichever is less) $616.07

| Chart* |
|---|
| Test II for Amount Available for Garnishment Beginning: July 24, 2009 |
| Weekly (or more frequently) pay period $217.50 |
| Biweekly pay period $435.00 |
| Semimonthly pay period $471.25 |
| Monthly pay period $942.50 |
| *Training wage: for person aged 16 to 19 on their first job, use 85% of the above figures. |

REV. (4/14)