EXHIBIT F

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

| | |
|---|---|
| ST. MARY'S HOSPITAL, | Circuit Court Case No. 19-04710-AV |
| Plaintiff/Appellant, | District Court Case No. 12-6327-GC |
| v | HON. CURT A. BENSON |
| NICOLE THOMPSON, | **OPINION AND ORDER** |
| Defendant/Appellee. | |

The appellant, St. Mary's Hospital, appeals by right the district court's grant of appellee, Nicole Thompson's, objection to garnishment from her employer, The Ingalls Memorial Hospital.

For the reasons stated below, this court affirms the district court's decision.

## I. FACTS AND BACKGROUND

This case stems from the entrance of a judgment and a subsequent garnishment action. The appellant is St. Mary's Hospital. The appellee is Nicole Thompson. The garnishee in this matter is The Ingalls Memorial Hospital ("Ingalls"), an Illinois hospital. At the time this action commenced, Ms. Thompson was and remains employed by Ingalls.

On April 11, 2013, St. Mary's obtained a judgment against Ms. Thompson in the amount of $745.76. Almost five-years later, St. Mary's requested and was then granted a writ of garnishment on March 14, 2019. St. Mary's then served Ingalls with a garnishee disclosure form, two copies of the writ of garnishment, and the disclosure fee.

On April 2, 2019, Ingalls executed and served the garnishee disclosure upon Ms. Thompson, St. Mary's, and the court. The garnishee disclosure stated that Ingalls will begin withholdings immediately. However, Ingalls has not taken any withholdings from Ms. Thompson's wages. Additionally, Ingalls released no funds to St. Mary's.

On April 16, 2019, Ms. Thompson filed an objection to the garnishment action claiming the court does not have personal jurisdiction over her employer because, as an Illinois hospital, Ingalls allegedly has no presence or contacts in the state of Michigan. St. Mary's filed a response to the objection.

At a May 21, 2019, hearing at the 61st District Court, all parties save Ingalls were in attendance. There, Ms. Thompson argued that she had standing to object to the garnishment on the grounds stated in the petition. St. Mary's responded by arguing that while Ms. Thompson

could certainly object to the garnishment she could not do so on the grounds personal to Ingalls. Judge David J. Buter, presiding, agreed with Ms. Thompson's position, finding the objection valid, and ordered that all withheld funds be released to Ms. Thompson and that the garnishment also be released.

## II. STANDARD OF REVIEW

Despite the parties' disagreement, that court recognizes that the standard of review of a trial court's decision to quash a writ of garnishment is for an abuse of discretion. *Cortez v Int Union, et al*, 339 Mich 446, 453; 64 NW2d 636 (1954); see also, *Geistert v Scheffler*, 312 Mich 36, 38-9; 19 NW2d 477 (1945), citing, generally, *Recor v St Clair Circuit Judge*, 139 Mich 156; 102 NW 643 (1905). "An abuse of discretion occurs when the decision of the trial court results in an outcome falling outside principled range of outcomes." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). Questions of law are reviewed de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

## III. OPINION AND ORDER

### *Defendant has standing to object to the garnishment*

At the heart of this appeal, St. Mary's argues that Ms. Thompson does not have standing to raise an objection, asserting that only Ingalls can raise the underlying objection based on lack of jurisdiction.

Puzzlingly, St. Mary's relies exclusively on federal judges applying federal law grounded in the specific wording of the United States Constitution. While the Michigan Supreme Court briefly adopted federal standing jurisprudence, see *Lee v Macomb Cty Bd of Comm'rs*, 464 Mich 726; 629 NW2d 900 (2001), overruled by *Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349; 792 NW2d 686 (2010), and *Nat'l Wildlife Fed'n v Cleveland Cliffs Iron Co*, 471 Mich 608; 684 NW2d 800 (2004), overruled by *Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349; 792 NW2d 686 (2010), the Court ultimately decided that, given the textual differences between the federal and Michigan constitutions, federal standing rules do not fit well in Michigan law. See *Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349; 792 NW2d 686 (2010).

The Supreme Court majority articulated its new standing doctrine as follows:

[A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. *A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.*

*Lansing Sch Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 372; 792 NW2d 686 (2010) (emphasis added). Under the *Lansing* holding, there are two avenues: either a legal cause of action exists and standing is automatically granted; or, a legal cause of action does not exist and it is in the court's discretion to recognize standing given certain factors.

The source of authority for a party to object to garnishment is found in MCR 3.101(K)(1). MCR 3.101(K)(1) states:

> *Objections shall* be filed with the court within 14 days of the date of service of the writ on the defendant or within 14 days of the date of the most recent statement sent to the defendant pursuant to MCL 600.4012(5)(a). *Objections may* be filed after the time provided in this subrule but do not suspend payment pursuant to subrule (J) unless ordered by the court. *Objections may only be based on* defects in or the invalidity of the garnishment proceeding itself or the balance provided on the statement sent pursuant to MCL 600.4012(5)(a), and may not be used to challenge the validity of the judgment previously entered. (Emphasis added).

From the plain language of the rule, the ability to object to garnishment is not specially afforded to only garnishee defendants. Rather, the rule does not discriminate between what party can raise an objection. MCR 3.101(K)(1) plainly creates a nondiscriminatory legal cause of action for Ms. Thompson. Further applying the holding from *Lansing* then leads us to conclude that Ms. Thompson had standing to raise the objection found in MCR 3.101(K)(2)(f).

Alternatively, if MCR 3.101(K)(1) were found not to establish a legal cause of action, the holding in *Lansing* permits the district court, *in its discretion*, to recognize standing given certain factors are present. Considering the factors provided in *Lansing*, Ms. Thompson has a special injury or right, or substantial interest – the withholding of wages – that will be detrimentally affected in a manner different from the citizenry at large. *Lansing*, 487 Mich at 372. In conclusion, this court finds that Ms. Thompson had standing to object to garnishment.

### *The district court had no judicial jurisdiction over Ingalls where Ingalls did not consent*

Next, St. Mary's argues that Ingalls' actions in this case constitute consent under MCL 600.711(2) and, as a result, Ingalls falls under the district court's judicial jurisdiction pursuant to MCL 600.4011(a).

Whether a court has personal jurisdiction over a party is a question of law that is reviewed de novo on appeal. *Poindexter v Poindexter*, 234 Mich App 316, 319; 594 NW2d 76 (1999). A plaintiff bears the burden of establishing jurisdiction over a defendant. *Oberlies v Searchmont Resort, Inc*, 26 Mich App 424, 427; 633 NW2d 408 (2001). Consent is a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation. MCL 600.711(2). Under Michigan law, the conditions under which a court may garnish personal property are set forth by statute. *Macatawa Bank v Wipperfurth*, 294 Mich

App 617, 619; 822 NW2d 237 (2011). MCL 600.4011 provides who falls under the court's jurisdiction to garnish. It states, in pertinent part:

> "[T]he court has power by garnishment to apply the following property or obligation, or both, to the satisfaction of a claim evidenced by contract, judgment of this state, or foreign judgment, *whether or not the state has jurisdiction over the person* against whom the claim is asserted:
>
> (a) personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person *if the third person is subject to the judicial jurisdiction of the state* and the personal property to be applied is within the boundaries of this state.
>
> (b) an obligation owed to the person against whom the claim is asserted *if the obligor is subject to the judicial jurisdiction* of the state.

MCL 600.4011(1) (emphasis added). Further, "[t]he court may exercise its garnishment power only in accordance with the Michigan Court Rules." *Nationsbanc Mtg Corp of Georgia v Luptak*, 243 Mich App 560, 564; 625 NW2d 385 (2000); *Fifth Third Bank v Triangle Associates, Inc*, unpublished per curiam opinion of the Court of Appeals, issued October 29, 2015 (Docket No. 321737), p 5–7.

Here, by complying with the writ of garnishment, Michigan's codified law, and Michigan's procedural garnishment court rules, St. Mary's claims that Ingalls consented to the court's judicial jurisdiction. In contrast, Ms. Thompson points out that consent is, at best, at issue in this case where Ingalls never took withholdings from her wages and also did not release any funds to St. Mary's.

In accordance with MCL 600.711, the existence of any of the following relationships between a corporation and the state of Michigan provides a sufficient basis for a court to exercise general personal jurisdiction over the corporation:

(1) Incorporation under the laws of this state.

(2) Consent, to the extent authorized by the consent and subject to the limitations provided in MCL 600.745.

(3) The carrying on of a continuous and systematic part of its general business within the state.

It is undisputed that Ingalls is not incorporated in the state of Michigan, nor does it carry on a continuous and systematic part of its general business within the state.

The plaintiff bears the burden of demonstrating that the trial court possessed personal jurisdiction over a defendant. *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 706; 854 NW2d

509 (2014). St. Mary's has not specifically pled, nor has it introduced evidence, in support of its proposition that Ingalls consented to personal jurisdiction.

MCR 3.101(L)(4) is persuasive. MCR 3.101(L)(4) states:

(4) *The filing of* a disclosure, the filing of answers to interrogatories, or *the personal appearance by or on behalf of the garnishee at a deposition does not waive the garnishee's right to question the court's jurisdiction*, the validity of the proceeding, or the plaintiff's right to judgment.

(emphasis added). Per court rule, Ingalls' actions – compliance with the writ, filing of a disclosure, the filing of answers to interrogatories, or even personal appearance if such occurred – *do not waive* a judicial jurisdictional issue.

While waiver and consent hold different meanings, in this matter they are practically the same. St. Mary's has failed to meet its burden to show the court has personal jurisdiction over Ingalls. All it has done is identify that Ingalls did not waive a potential jurisdictional issue. Without more – such as a formal written consent or some other affirmative actions by Ingalls – the court cannot find that Ingalls consented to the district court's jurisdiction. Therefore, the district court lacked judicial jurisdiction over Ingalls, as provided in MCL 600.4011.

### *Lack of judicial jurisdiction is a valid basis for objection under MCR 3.101(K)(2)(f)*

Finally, St. Mary's argues that lack of judicial jurisdiction is not one of the enumerated bases for objection provided for in the exhaustive list set forth in MCR 3.101(K)(2). In contrast, Ms. Thompson points to subparagraph (f) of the rule which states: "the garnishment was not properly issued *or is otherwise invalid*," emphasis on the latter.

In this country's unique federal system, that a state must acquire personal jurisdiction over a noncitizen of that state before rendering a judgment is so elementary that it is unnecessary to list it as a "defense" to a statutory cause of action. A valid judgment affecting a nonresident's rights or interests may *only* be entered by a court having personal jurisdiction over that defendant. *Jeffrey v Rapid Am Corp.*, 448 Mich 178, 185; 529 NW2d 644 (1995), citing, *Int'l Shoe v Washington,* 326 US 310, 319; 66 S Ct 154 (1945). A court may acquire personal jurisdiction over a nonresident when the nonresident defendant's relationship with the forum is such that it is fair to require the defendant to appear before the court. *Id.*

The Michigan Court of Appeals has unequivocally ruled that the due process clause of the United States Constitution, as described in *International Shoe*, applies to garnishee defendants under Michigan's garnishment statutes. See City *Suburban Agency, Inc v Dade Helicopter Servs, Inc,* 141 Mich App 241, 244; 366 NW2d 259 (1985).

St. Mary's takes too narrow a look at the list. Subparagraph (f) contains a catch-all basis for any reason that results in an invalid garnishment. The question then becomes what would make a garnishment invalid. Ms. Thompson correctly argues that lack of judicial jurisdiction produces an invalid garnishment.

5

A garnishment judgment, court action, or court proceeding lacking personal or subject matter jurisdiction is invalid. As far as the permissible bases for objections to garnishment provided under MCR 3.101(K)(2), the court finds that by the court rule's plain language, the lack of judicial jurisdiction – whether personal, subject matter, etc. – would render the garnishment *otherwise invalid*.

## IV. CONCLUSION

This court finds no abuse of discretion in the district court's grant of Ms. Thompson's objection to garnishment. The district court's ruling is AFFIRMED.

**IT IS SO ORDERED**.

Dated: September 20, 2019  
Grand Rapids, MI

**CURT A. BENSON**  
HON. CURT A. BENSON