UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NICOLE THOMPSON

      Plaintiff                Case No. 1:19-cv-939

V.

                            Hon. Janet T. Neff

SCOTT A. RENNER and
VELO ASSOCIATES P.L.C.

      Defendants

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STATEMENT OF FACTS

Plaintiff, Nicole Thompson, is an individual who resides in Lansing, Illinois. Plaintiff's declaration, Ex. 1 . Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer" and "debtor" as the terms are defined and used in the Michigan Collection Practices Act. Joint statement of material facts ¶ 2.

Defendant Scott A. Renner is an attorney who specializes in debt collection. Renner and his law firm, Velo Associates PLC are debt collectors as the term is used and defined in the FDCPA and " "regulated persons" as the term is defined and used in the Michigan Collection Practices Act, § 445.251 *et seq.* JSMF ¶ 3, 4.

Ms. Thompson incurred a debt or alleged debt to St. Mary's Hospital for medical services. The debt allegedly owed by the plaintiff was incurred primarily for personal, family or household purposes and was a "debt" within the meaning of the Fair Debt Collection Practices

1

Act, 15 U.S.C. § 1692a(5). JSMF ¶ 8.

St. Mary's Hospital obtained a judgment against Ms. Thompson by default in the 61st District Court in Grand Rapids, Michigan. JSMF ¶ 9. In attempt to enforce the judgment, defendants Velo and Renner, as attorneys for St. Mary's Hospital, filed a request and writ for periodic garnishment in the 61st District Court. Defendants named Ingalls Memorial Hospital in Chicago, Illinois as garnishee. JSMF ¶ 10. Ingalls Memorial Hospital is located in Illinois. It has no contacts with the state of Michigan. Ex.1. ¶ 4. Defendants were not legally entitled to file a garnishment against Ingalls Memorial Hospital in the Michigan court because the Michigan court did not have jurisdiction over the Hospital. See. JSMF Ex. H.

Thompson filed an objection to the garnishment in the 61st District Court and the court upheld plaintiff's objection. JSMF ¶ 15, 16. Defendants filed an appeal of the district court's order to the Kent County Circuit Court and the Circuit Court affirmed the decision of the District Court. JSMF ¶ 17.

ARGUMENT

1. **Defendants violated the FDCPA by filing a garnishment when the court did not have jurisdiction over the garnishee.**

The FDCPA provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f. The Act also prohibits the use of any false, misleading or deceptive representation or means in connection with the collection of a debt. 15 U.SC. § 1692e. Included in the non-exclusive list of conduct that violates § 1692e is "(5) The threat to take any action that cannot legally be taken or that is not intended to be taken." Taking an action that is not permitted by state law, as well as merely threatening to take the

2

action, violates that section . *Currier v. First Resolution Inv. Corp.* 762 F.3d 529, 535-36 (6tth Cir. 2014).

There is no doubt that jurisdiction over the garnishee is necessary, both under the Michigan statute, MCL § 600.401 expressly limits the court's garnishment authority to "(b) An obligation owed to the person against whom the claim is asserted *if the obligor is subject to judicial the jurisdiction of the state.*" (emphasis supplied). Cf. *Chayka v. Brown*, 92 Mich. App. 360, 366, 284 N.W.2d 530, 533 (1979) and as a matter of basic constitutional due process. *International Shoe v. Washington,* 326 U.S. 310, 319 (1945).

*Currier* is analogous to the present case. There, the debt collector filed a judgment lien against the consumer's home when that was not proper under the state procedure because the judgment had not become final. The court held that that conduct "falls comfortably within the kinds of practices Congress has identified as unfair under § 1692f of the FDCPA." *Id,* at 535. Filing and maintaining an invalid lien also violated § 1692e(5). Court filings can be a threat under the FDCPA and a threat includes an action. *Id* at 536.

*Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443 (6th Cir. 2014), also involved a debt collector taking an action in litigation that was not permitted by state law. The debt collector's state court complaint sought interest not permitted by state law. That caused a number of plausible violations of the FDCPA, including false representation of the character and amount of the debt in violation of § 1692e(2) and a threat to take action that cannot legally be taken in violation of § 1692e(5). *Id.* at 451.

Courts consistently hold that filing a time barred lawsuit violates the FDCPA, either as a false or misleading representation or as a threat to take an action that cannot legally be taken.

> The disposition fact is that a debt collector could not legally prevail in such lawsuit, and for the debt collector to represent otherwise is fraudulent. By threatening to sue *Kimber* on her alleged debt, FFC violated § 1692e(2)(A) & (10); by threatening to sue her, FFC implicitedly represented that it could recover in a lawsuit, when in fact it cannot properly do so.
> *Kimber v Fed Fin Corp,* 668 F Supp 1480, 1489 (MD Ala, 1987)

As noted by the Sixth Circuit in *Harvey v Great Seneca Fin Corp*, 453 F3d 324, 332-33 (6th Cir. 2006), (quoting *Kimber)* filing a time barred lawsuit relies on a deception: that the unsophisticated consumer will believe the action is valid and not contest it.

> it is obvious to the court that by employing the tactics it did, FFC played upon and benefitted from the probability of creating a deception. Honest disclosure of the legal unenforceability of the collection action due to the time lapsed since the debt was incurred would have foiled FFC's efforts to collect on the debt. So instead, the corporation implicitly misrepresented to Kimber the status of the debt, and thereby misled her as to the viability of legal action to collect.
>
> *Id*. (reasoning that unsophisticated "consumers would unwittingly acquiesce" to a time-barred lawsuit instead of defending against it).

Defendants created the same deception here. By using official court forms, they falsely represented that the garnishment was valid, in hopes that the garnishee and the consumer would unwittingly acquiesce and honor the garnishment without objection. In fact, that was defendants' position in the state court collection action. Defendants conceded, in oral argument in the 61st District Court that the garnishment could not be enforced if the garnishee had asserted lack of jurisdiction. Ex. 2. Transcript. P.4. Defendants' position on appeal to the Kent County Circuit Court was essentially the same. Defendants never argued that the Michigan court had jurisdiction to issue the garnishment. Instead, defendants argued that the garnishee had acquiesced and that the debtor did not have the right to object. Ex. 3. Brief.

The same rationale applies to other collection actions that are not permitted by applicable law. In *Edwards v. Velocity Invs*., LLC, No. 1:10 CV 1798, 2011 U.S. Dist. LEXIS 101655, at *21-23 (N.D. Ohio Sep. 8, 2011) the debt collector issued a garnishment after the judgment had been

4

satisfied. "By filing documents in support of the second garnishment, defendants misrepresented the amount and legal status of the debt. Moreover, defendants' actions constitute the 'threat to take action that cannot legally be taken.'" In *Collins v. Erin Capital Mgmt.*, LLC, 991 F. Supp. 2d 1195, 1212 (S.D. Fla. 2013) the debt collector violated the FDCPA by filing a garnishment without complying with state registration requirements.

**2.     Defendants' conduct also violated the parallel Michigan statute.**

Like the FDCPA, the Michigan Collection Practices Act prohibits "(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt" MCL § 445.252. The MCPA is a parallel statute to the FDCPA and courts look to the FDCPA for guidance in interpreting the MCPA. *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012). Cf. *Walker v. Shermeta, Adams, Von Allmen, PC*, 623 F. App'x 764, 768 (6th Cir. 2015): "The requirements of a successful claim under the Michigan Collection Practices Act mirror the FDCPA." By filing and serving the garnishment on the out-of-state garnishee, defendants implicitly represented that the Michigan Court had jurisdiction over the garnishee. That was a false representation under the MCPA just as it was a false representation under § 1692e of the Fair Debt Collection Practices Act.  Defendants' violated the MCPA here for the same reasons that they violated the FDCPA.

**3.     Damages**

The FDCPA provides for "any actual damages sustained by such persons as a result of such failure" and "such additional damages as the court may allow, but not exceeding $1,000." In order to prevent the illegal seizure of her wages, plaintiff incurred attorney fees of $2,720.00. Ex. , ¶ 8, Ex. 4.  Costs and fees incurred in defending a collection action that should not have been brought are recoverable as actual damages under 15 U.S.C. § 1692k. *Riley v. Giguiere*, 631

F. Supp. 2d 1295, 1313 (E.D. Cal. 2009), *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005), *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 427-28 (S.D.N.Y. 2010).

The Michigan Collection Practices Act, MCLS § 445.257, provides for the greater of actual damages or $50.00 and for treble damages if the violation was wilful.

> (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

Plaintiff is entitled to treble damages here because defendants' violation was willful. Willfulness is not limited to acts known to violate the statute. It includes "conduct marked by careless disregard whether or not one has the right to act. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Cf. *Shearer v. E. Brame Trucking Co.*, 69 Mich. App. 443, 452-53, 245 N.W.2d 84, 88-89 (1976): The term "willful" as used here does not connote malice or a bad motive." At minimum, defendants acted without regard to whether they had legal authority to garnish plaintiffs out of state employer. Even if defendants believed they were could get away with the garnishment because an unsophisticated consumer or the garnishee would not likely have the knowledge and means to object, defendants knew that the Michigan court lacked jurisdiction and acknowledged as much before Judge Buter in the 61st District Court. Ex. 2.

Plaintiff requests an award of damages in the amount of $2,720.00 for actual damages and $1,000.00 for additional damages under the FDCPA and treble damages of $8,160 under the MCPA.

Dated July 14, 2020                                              /s/ Michael O. Nelson

Michael O. Nelson P23546  
Attorney for plaintiff  
1104 Fuller NE  
Grand Rapids, MI 49503  
(616) 559-2665  
Michconsumerlaw@gmail.com