UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NICOLE THOMPSON

       Plaintiff	Case No. 1:19-cv-939

V.

       Hon. Janet T. Neff

SCOTT A. RENNER and
VELO ASSOCIATES P.L.C.

       Defendants

PLAINTIFFS REPLY BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants violated the Fair Debt Collection Act by filing and serving a wage garnishment against plaintiff's employer, an Illinois hospital, without any reason to believe the Michigan court had jurisdiction over the hospital. In their response to plaintiff's motion, defendants argue that the only problem with their action was a failure to meet their evidentiary burden. That argument is fallacious since the evidentiary burden that defendants failed to meet was not to prove that the Michigan court had jurisdiction in the first place but rather that the garnishee had waived the objection to jurisdiction. Whether or not the objection to jurisdiction was waived, it was defendants' filing and service of the garnishment that violated the FDCPA. Defendants had no evidence that the garnishee was subject to the jurisdiction of the Michigan court and never expected to obtain any such evidence. As demonstrated in plaintiff's principal brief, taking a collection action that is not permitted by law is a violation of the Act.

Defendants base much of their response on *Van Hoven v. Buckles,* 947 F.3d 889 (6th Cir.

2020). But that case does not support defendant's position. The court held that including The costs of the current garnishment, *"Current garnishment Costs",* did not violate the Fair Debt Collection Practices Act because that practice is permitted by state law. On the other hand, including the costs of prior failed garnishments is contrary to state law and is "a false representation under the Act." *Id.* at 899. *Van Hoven* supports the proposition that taking an action, in collecting a debt, that is not permitted by law violates the FDCPA.

Defendants cite *Van Hoven* for the proposition that the FDCPA only extends to statements that are false at the time they are made; not those that later turn out to be false. But that distinction does not support the defendants here. The Michigan court never had jurisdiction over the Illinois garnishee and defendants never advanced or had any argument that it did. Defendants' only argument was that the lack of jurisdiction had been waived. Even if defendants' waiver argument had succeeded, they would still have violated the Act by filing the garnishment without jurisdiction, just as a debt collector violates the Act by suing on a time barred debt, even if the lawsuit succeeds because the debtor fails to raise the statute of limitations. Federal courts have held that a debt collectors may be sued for violating the FDCPA by suing on a time barred debts even though the debtor failed to raise the statute of limitations in the state court collection suits and judgment was entered against the debtor. *Jenkins v. Gen. Collection Co.*, 538 F. Supp. 2d 1165, 1171 (D. Neb. 2008), *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 794 (S.D. Tex. 2010), *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923, 927 n.1 (D. Ariz. 2015).

In *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006), the Sixth Circuit decided that filing a complaint without having on hand at the time of filing the means to prove the complaint was not a false statement in violation of the FDCPA. However, the court suggested

that if "Seneca and Javitch filed the complaint without the means of ever being able to obtain sufficient proof of the debt-collection action" the result might be different. *Id.* at 328. In the present case, defendants filed the garnishment without ever being able to show that the court had jurisdiction. "*Rule 11* requires only that factual contentions 'are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Van Hoven* at 896 citing *Harvey v. Great Seneca Fin. Corp.*, *supra*. Here, defendants had no reason to believe that further investigation or discovery might support the Michigan court's jurisdiction over the Illinois hospital.

Judge Benson's decision, on appeal to the Kent County Circuit Court, does not imply that the Michigan court's jurisdiction turned on an evidentiary question. The quote on page 6 of defendants' brief relates only to whether the hospital consented to jurisdiction. There was never any question that the Michigan court lacked jurisdiction in the first place.

Finally, there is no merit to defendants' argument that plaintiff's action for violation of the FDCPA is barred because plaintiff did not request costs in the state court. FDCPA claims are frequently based on litigation in state court collection actions. *Heintz v. Jenkins,* 54 U.S. 291 (1995), *Currier v. First Resolution Inv. Corp.* 762 F.3d. 529 (6th Cir. 2014), *Van Hoven v. Buckles*, *supra* at 893-94. It is not surprising that the "Sixth Circuit precedent" defendants refer to is not identified.

CONCLUSION

For the reasons stated here and in plaintiff's principal brief, plaintiff requests that her motion for summary judgment be granted.

Dated <u>August 26, 2020</u>                    <u>/s/ Michael O. Nelson</u>
                                                Michael O. Nelson P23546
                                                Attorney for plaintiff
                                                1104 Fuller NE
                                                Grand Rapids, MI 49503
                                                (616) 559-2665
                                                Michconsumerlaw@gmail.com