UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NICOLE THOMPSON,
    Plaintiff,
v.

SCOTT A. RENNER and VELO
ASSOCIATES P.L.C.,
    Defendants.

Case No.: 1:19-CV-939
Hon. Judge Janet T. Neff

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Scott A. Renner ("Renner") and Velo Associates P.L.C. ("Velo") (together, "Defendants") submit this Brief in Opposition to Plaintiff's Motion for Summary Judgment ("PMSJ").

## I. INTRODUCTION

Defendants did not violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, or the Michigan Regulation of Collection Practices Act ("MRCPA"), MCL § 445.251 *et seq.*, when they requested and served a writ of garnishment on Plaintiff's employer which was subsequently released after the trial court heard and sustained Plaintiff's jurisdictional objections to the garnishment. Plaintiff's sinister attempt to hold an attorney and his law firm liable for lawful litigation activity undertaken on behalf of a client that ultimately turns out to be unsuccessful is improper. For all the reasons that follow, Plaintiff's Motion for Summary Judgment should be denied, and this case should be dismissed in its entirety.

## II. STATEMENT OF FACTS

Defendants incorporate the Joint Statement of Material Facts ("JSMF") prepared and submitted by the parties pursuant to the Court's Order dated June 16, 2020 [ECF NO. 31].

### III. LAW AND ARGUMENT

#### A. Defendants Did Not Violate the FDCPA By Serving A Writ of Garnishment That Was Subsequently Released by the Trial Court Because Defendants Were Unable to Meet Their Evidentiary Burden of Establishing Personal Jurisdiction Over the Garnishee Defendant

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is very broad, and was intended to remedy "what it considered to be a widespread problem." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)).

Although the Act covers certain misstatements about state law by lawyers, "Congress did not turn every violation of state law into a violation of the FDCPA." *Van Hoven v. Buckles & Buckles, P.L.C.*, __ F.3d __, 2020 WL 239290 (6th Cir. Jan. 16, 2020) (quoting *Currier v. First Resolution Inc. Corp., 762 F.3d 529, 537* (6th Cir. 2014)). In *Van Hoven*, the Court of Appeals for the Sixth Circuit evaluated whether alleged misstatements of law made in various requests for writs of garnishment filed with the state district court qualified as "actionable" misstatements under the FDCPA. The Court concluded that the Act only extends to material misstatements of state law that are false at the time they are made:

> Even though the Act covers "false" material statements about state law, that does not mean it extends to every representation about the meaning of state law later disproved. "[L]egal reasoning is not a mechanical or strictly linear process," suggesting it often doesn't yield absolute true or false answers at the time of the representation. (citation omitted).
>
> ***
>
> A representation of law is not actionably false every time it turns out to be false.

*Id.,* at pg. 7.

To illustrate this point, the Sixth Circuit contrasted the act of making a legal representation in a letter or brief that is later rejected by a court (non-actionable) to other legal representations,

such as misquoting a case, relying on a statute no longer in existence, or invoking an overruled decision, that are always "false" at the time they are made. The Court further opined that determination of whether an alleged legal[1] misstatement by an attorney is actionable under the FDCPA is analogous to determining whether an attorneys' litigation statements are sanctionable under Fed. R. Civ. P. 11:

> Rule 11 authorizes sanctions when attorneys advance "legal contentions" that are not "warranted by existing law." Fed. R. Civ. P. 11(b). Just because a court ultimately disagrees with the attorney's argument doesn't mean it was "[un]warranted by existing law" at the time it was made. See *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528–29 (5th Cir. 2016); see also 5A Charles A. Wright & Arthur Miller, Federal Practice & Procedure § 1334 (4th ed. 2019). The question instead is whether the legal contention was objectively baseless at the time it was made, making it "legally indefensible," *SnoWizard*, 833 F.3d at 529, or "groundless in law," *Brubaker v. City of Richmond*, 943 F.2d 1363, 1385 (4th Cir. 1991).

*Van Hoven*, *supra* at pg. 8.

Plaintiff alleges that Defendants' violated §§ 1692e and 1692f by "requesting and filing a garnishment against Plaintiff's Illinois employer when the issuing court lacked jurisdiction." See, Complaint, ECF No. 1, ¶¶ 16-18. But, as the *Van Hoven* decision makes clear, requesting a writ of garnishment that is later held to be invalid by a state court due to evidentiary shortcomings does not transform Defendants' garnishment request into an actionable misrepresentation under the FDCPA.

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

---

[1] The Sixth Circuit also noted that it had "borrowed from Rule 11 before when considering assertions of *fact* made in litigation under the Act" in holding that it is not a violation of the FDCPA to file a collection lawsuit without presently possessing the means to prove a debt exists because Rule 11 only requires factual contentions to have "evidentiary support after a reasonable opportunity for further investigation or discovery." *Van Hoven*, at pg. 8, citing *Harvey v. Great Seneca Fin. Corp.*, 453 F. 3d 324,333 (6th Cir. 2006).

1692e. Without limiting the general applicability of that prohibition, the statute provides a list of sixteen specific violations, including:

> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> \*\*\*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \*\*\*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(15 U.S.C. § 1692e).

The FDCPA also provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Here, Defendants did not violate either provision of the Act when they requested and served the writ of garnishment on garnishee defendant Ingalls. The Michigan Court Rules set forth the requirements for obtaining a writ of garnishment from the state court. MCR 3.101(D) provides, in relevant part:

> (D) Request for and Issuance of Writ. The clerk of the court that entered the judgment shall review the request. The clerk shall issue a writ of garnishment if the writ appears to be correct, complies with these rules and the Michigan statutes, and if the plaintiff, or someone on the plaintiff's behalf, makes and files a statement verified in the manner provided in MCR 1.109(D)(3) stating:
>
> (1) that a judgment has been entered against the defendant and remains unsatisfied;
>
> (2) the amount of the judgment; the total amount of the postjudgment interest accrued to date; the total amount of the postjudgment costs accrued to date, which may include the costs associated with filing the current writ of garnishment; the total amount of the postjudgment payments made to date, and the amount of the unsatisfied judgment now due (including interest and costs),

which may include the costs associated with filing the current writ of garnishment;

(3) that the person signing the verified statement knows or has good reason to believe that

(a) a named person has control of property belonging to the defendant,

(b) a named person is indebted to the defendant, or

(c) a named person is obligated to make periodic payments to the defendant.

MCR 3.101(D).

As a preliminary matter, Plaintiff has not and cannot allege any factual misstatements in the writ of garnishment. Plaintiff concedes that the judgment was not satisfied at the time the writ of garnishment was requested. Defendants also knew or had good reason to believe that Ingalls had control of property belonging to Plaintiff, was indebted to Plaintiff, or was otherwise obligated to make payments to Plaintiff as represented to the Court in the writ and plainly evidenced by Ingalls' garnishee disclosure acknowledging as much.

Moreover, neither the 61st Judicial District Court or the Kent County Circuit Court for that matter held that Defendants' request and service of the garnishment was baseless, frivolous, or sanctionable under Michigan law. As the Kent County Circuit Court correctly observed, a Michigan court may exercise personal jurisdiction over a corporation that has incorporated in this state, consented to jurisdiction, or has carried on a continuous and systematic part of its general business within the state. MCL 600.711. As to consent, a corporation may consent to general personal jurisdiction by appearance, waiver, being a party to a contract with a provision to submit disputes to the jurisdiction of Michigan courts, or appointing an agent authorized to receive service of process within the state. *Id*.

Significantly, while the Kent County Circuit Court concluded that "[t]he district court lacked judicial jurisdiction over Ingalls, as provided for in MCL 600.4011[]", this finding was

5

based on the Court's determination that "St. Mary's had failed to meet its burden to show the court has personal jurisdiction over Ingalls[,]" ___not___ that St. Mary's could never offer evidence to support a finding of jurisdiction as set forth in MCL 600.4011. In other words, the Court concluded that the evidentiary proofs presented by St. Mary's fell short of meeting the necessary evidentiary threshold, not that St. Mary's legal contention was unwarranted by existing law or legally indefensible as a matter of law. ("All [St. Mary's] has done is identify that Ingalls did not waive a potential jurisdictional issue. Without more – such as a formal consent or some other affirmative actions by Ingalls – the Court cannot find that Ingalls consented to the district court's jurisdiction.").

This distinction is dispositive to this case and establishes, as a matter of law, that the writ of garnishment was not false, objectively baseless, or legally indefensible at the time it was submitted. As such, Plaintiff's claims are simply not actionable under the FDCPA. See, also, *Lena v. Cach, LLC*, No. 14-cv-01805, 2015 WL 4692443, at * 5 (N.D. Ill. Aug. 6, 2015) (claims under the FDCPA cannot be based on evidentiary and procedural deficiencies in a state court action); *Beavers v. Midland Funding, LLC*, No. 4:16-cv-00886, 2017 WL 2568918, at *3, n. 3 (E.D. Ark. June 13, 2017) ("procedural irregularities are not cognizable under the FDCPA"); *Washington v. N. Star Capital Acquisition, LLC*, No. 08-cv-2823, 2008 WL 4280139, at *2 (N.D. Ill. Sept. 5, 2008) ("[T]he FDCPA will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure."); *Drennan v. First Resolution Inv. Corp.*, No. 2:08- cv-461, 2010 WL 11619554, at *4 (E.D. Tex. Mar. 1, 2010) ("At best, the Defendants' use of the suit on account did not meet requirements under state procedural rules, but that does not rise to the level of a violation of the FDCPA. . . . This is not the type of claim or collection effort by a debtor that the FDCPA was intended to prevent. The FDCPA was designed to provide basic, overarching rules for debt

collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."), aff'd, 389 F. App'x 352 (5th Cir. 2010).

The appropriate response for Ingalls (or Plaintiff) was to contest the garnishment in the court in which it was issued, which Plaintiff did. The state district court agreed with Plaintiff and granted her the relief she requested: it quashed the writ. Plaintiff could have moved the district court for costs and reasonable attorney's fees associated with challenging the garnishment, pursuant to MCR 2.625 or MCL 600.2591 (which provides costs and fees to the prevailing party for defending against frivolous filings) but apparently chose not to. Plaintiff's attempt to get a second bite at the apple in federal court is entirely improper under Sixth Circuit precedent.

### B. Defendants' Actions Did Not Violate the MRCPA

Plaintiff's claims under MRCPA §§ 445.252(e) and (f) fare no better. As Plaintiff acknowledges, federal courts often look to the FDCPA for guidance in interpreting the MRCPA. Here, Plaintiff's MRCPA claims fail for the same reasons that Plaintiff's FDCPA claims fail as a matter of law. The representations set forth in the writ for garnishment were not "false" at the time they were made. That the district court ultimately sustained Plaintiff's jurisdictional objections to the garnishment do not transform Defendants' actions into per se violations of Michigan law. This Court should reach a similar conclusion.

### IV. Conclusion and Suggested Award

Simply put, Plaintiff's allegations do not amount to an actionable claim under the FDCPA or the MRCPA. Accordingly, Plaintiff's motion for Summary Judgment should be denied and this matter should be summarily dismissed.

Dated: August 17, 2020                                       Respectfully Submitted,

                                                             /s/ Charity A. Olson
                                                             Charity A. Olson (P68295)
                                                             OLSON LAW GROUP
                                                             P.O. Box 64
                                                             Hartland, MI 48353
                                                             (734) 255-6908
                                                             colson@olsonlawpc.com