UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NICOLE THOMPSON

       Plaintiff                               Case No. 1:19-cv-939

V.

                                            Hon. Janet T. Neff

SCOTT A. RENNER and
VELO ASSOCIATES P.L.C.

       Defendants

BRIEF IN SUPPORT OF MOTION FOR JUDGMENT

As directed by the court, the parties have exchanged information and discussed the form of as judgment but have not been able to agree on the terms of a judgment. Therefore, plaintiff files this motion requesting entry of a judgment according to the following terms or such other terms as the court may decide.

DAMAGES

Attached, as Exhibit 1, are plaintiff's counsel's time records for litigating the objection to the garnishment in the state court and defendant's appeal of the district court decision.  Plaintiff submits that the amount of those fees and costs, $2,720.00, is an appropriate amount of actual damages. Costs and fees incurred in defending a collection action that should not have been brought are recoverable as actual damages under 15 U.S.C. § 1692k. *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1313 (E.D. Cal. 2009), *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005), *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 427-28 (S.D.N.Y. 2010).

In addition, plaintiff requests $1,000.00 in "additional damages" pursuant to 15 U.S.C. §

1692k (a)(2)(A).

## COSTS AND ATTORNEY FEES

**1.     Attorney fees under the Fair Debt Collection Practices Act.**

The Fair Debt Collection Practices Act is a fee shifting statute.  A prevailing Plaintiff is entitled to recover costs and reasonable attorney fees.

> (a) . . .  any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the cost of the action, together with a reasonable attorney fee as determined by the court. 15 U.S.C. § 1692k.

The Sixth Circuit has held that an award of attorney fees to a prevailing consumer is "mandatory". *Purtle v. Eldridge Auto Sales,* 91 F.3d 797, 802 (6th Cir. 1996) (TILA) "The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012). The purpose of such fee shifting statutes is to induce a capable attorney to take on litigation that may not otherwise be economically viable and to fairly compensate counsel for their time and account for the risk to class counsel. *Gasco v. Global Fitness Holdings, LLC,* 822 F. 3d 269, 280 (6th Cir. 2016).

**2.     Plaintiff is a prevailing party**

There is no question that plaintiff is the prevailing party. In order to be deemed a "prevailing party," the plaintiff must have succeeded on a significant issue raised in the litigation and secured some of the benefit sought *Hensley v Eckerhart,* 461 U.S. 424, 433 (1983).

**3.     The lodestar standard.**

Attorney fees are properly calculated using the "lodestar" method: i.e the number of hours

reasonably expended multiplied by a reasonable hourly rate. *Hensley v Eckerhart*, *Id.* at 433 - 34. The lodestar amount enjoys a "strong presumption" that it "represents a 'reasonable' fee". *Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 478 U.S. 546, 565 (1986). The U.S. Supreme Court has reaffirmed the dominance of the lodestar method to determine attorney fees under fee shifting statutes. *Perdue v Kenny A.* 559 U.S. 542 (2010)

**4.     Fees are not limited by the amount of recovery.**

The amount of attorney fees is not limited by the amount of the recovery. *Purtle v. Eldridge Auto Sales*, supra at 802. Cf. *Evon v. Law Offices of Sidney Mickell*, supra at 1033:

> See *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986). We have specifically instructed that "courts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). Moreover, in City of Riverside, the Supreme Court, in the context of civil rights statutes, expressly rejected the proposition that fee awards must be in proportion to the amount of damages recovered. See *City of Riverside,* 477 U.S. at 574 (affirming fee award of $245,456.25 when damages recovered were $13,300). The same is true in consumer protection cases: where the monetary recovery is generally small, requiring direct proportionality for attorney's fees would discourage vigorous enforcement of the consumer protection statutes.

Accord: *Gradisher v. Check Enf't Unit,* No. 1:00-CV-401, 2003 U.S. Dist. LEXIS 753, at *29 (W.D. Mich. Jan. 22, 2003):  $ 69,872.00 in fees and $ 7,808.44 in expenses awarded where damages were $1,000.

**5.     Hourly rate**

Plaintiff requests an hourly rate of $400 for Michael Nelson. Plaintiff's attorney has substantial experience in litigating consumer law cases, including class actions. See: Declaration of Michael O. Nelson, Ex. 2.  According to the 2020 survey on the Economics of Law Practice in Michigan conducted by the State Bar of Michigan, the 75th percentile for consumer attorneys in Michigan is $425.00 per hour.

Another court in this district has indicated that an hourly rate of $400 is appropriate. See *Grant v Shermeta, Adams & Von Allmen, P.C.* U.S. Dist. Ct. W.D. MI No. 1:13. Jonker, J. Regarding attorney fees for Michael O. Nelson and Phillip Rogers:

> And lastly, I would say the time value here at $400 an hour is actually quite a very good deal in my view. The plaintiff's class was represented by lawyers who are at the top of their practice and recognized as such in the consumer bar after years of experience and work, and $400 is a very reasonable assessment of hourly values for somebody of that caliber.

## CONCLUSION

The attached time records, Ex 3, show that Plaintiff's counsel has spent 44.6 hours on this action and Plaintiff has incurred $1,035.00 in costs ($400.00 filing fee, $35.00 service of process, $600.00 case evaluation fees).

Plaintiff requests an award of fees in the amount of and costs of $18,875.00.

Dated February 3, 2021                 /s/ Michael O. Nelson
                                       Michael O. Nelson P23546
                                       Attorney for plaintiff
                                       1104 Fuller NE
                                       Grand Rapids, MI 49503
                                       (616) 559-2665
                                       Michconsumerlaw@gmail.com